**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID MAZARIEGOS-BARRIOS (A No. 213-143-306),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01697-JLT-CDB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

David Mazariegos-Barrios is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 4.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Guatemala who entered the United States on or about October 14, 2017, where he was encountered by federal immigration officials near Pharr, Texas. (Doc. 8-1 at 8.) After determining that Petitioner entered the United States without being admitted or inspected, Petitioner was processed as an Expedited Removal with Credible Fear and charged as removable

under section 212 (a)(6)(A)(i) of the Immigration and Nationality Act. (*Id.*) Petitioner was then released from custody on his own recognizance. (*Id.*) On April 4, 2023, an immigration judge dismissed the proceedings, canceled the bond, and closed the case. (*Id.*)

On January 25, 2026, Petitioner was apprehended and detained by Immigration and Customs Enforcement and served with a Notice to Appear on that same date. (Doc. (*Id.*) Petitioner claims to have "no criminal history." (Doc. 1 at 6.) There is also no indication in the record that Petitioner presents a flight risk or danger. (*See* Docs. 1, 8.) Respondents offer no evidence or argument to the contrary. (*See* Doc. 8.) Petitioner is detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1.)

On March 2, 2026, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On March 24, 2026, Respondents filed a response to the habeas petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 8.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.      DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See generally*, Doc. 1.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) of the INA and therefore categorically ineligible for a bond hearing. (*See generally*, Doc. 8.) Courts nationwide, including this one, have

rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.     CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

3. The Clerk of Court is directed to serve Mesa Verde ICE Processing Center in Bakersfield, California, California, with a copy of this Order.

///

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **May 11, 2026**

UNITED STATES DISTRICT JUDGE